IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHELLE HALL MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-CV-00139-BL |
| | § | |
| NANCY A. BERRYHILL*, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Michelle Hall Martinez seeks judicial review of the decision of the Commissioner of Social Security, who denied her applications for Disability Insurance Benefits under Title II of the Social Security Act. The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the Commissioner's decision be vacated and this case remanded for further consideration.

## I. STATEMENT OF THE CASE

Martinez filed an application for DIB on April 19, 2014, alleging impairments that were disabling as of July 2, 2013. That application was denied initially on July 25, 2014, and again after reconsideration on September 12, 2014. Martinez requested a hearing, which was held before an administrative law judge (ALJ) on December 15, 2014. The ALJ issued a decision on February 27, 2015 finding the claimant not disabled.

---

* On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

Specifically, the ALJ established during step one that the claimant had not engaged in substantial gainful activity since the alleged onset date. (Doc. 12-3, 26). At step two, the ALJ determined Martinez had the severe impairments of degenerative joint disease, degenerative disc disease, peripheral neuropathy, bipolar disorder, posttraumatic stress disorder, and chronic pain disorder. (Doc. 12-3, 26). In step three, the ALJ found that Martinez did not meet or equal in combination an impairment listed in the appendix. (Doc. 12-3, 27). The step three analysis continued, with the ALJ ruling that Martinez had the residual functional capacity to perform light work involving only simple instructions. (Doc. 12-3, 29). At step four, the ALJ found Martinez could return to past relevant work as a cashier and short order cook, and was therefore not disabled. (Doc. 12-3, 34).

Martinez applied to the Appeals Council for review, which denied that review on May 26, 2016. Therefore, the ALJ's ruling is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.")

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, Martinez was 51 years old and lived with her husband at the time of the administrative hearing. She has completed high school and worked as delivery driver, cook, and cashier.

## III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). If substantial evidence supports the Commissioner's findings, then the findings are conclusive

and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Martinez raises three issues on appeal. She claims the ALJ improperly rejected limitations in the function of her left hand and improperly discounted the opinion of an acceptable medical source, and that the mental RFC as assessed by the ALJ is unsupported by substantial evidence.

Martinez alleges the physical RFC is deficient, as the ALJ decided she had a severe impairment of peripheral neuropathy but did not include all the left hand limitations properly assessed and supported by the record evidence. The ALJ correctly noted that "impairments are severe [when] they more than minimally affect the claimant's ability to work." (Doc. 12-3, 26). Since the ALJ considered her peripheral neuropathy a severe impairment, then, he also believed it would interfere with her ability to work.

Peripheral neuropathy is "a condition that develops as a result of damage to the peripheral nervous system.... Symptoms can range from numbness or tingling [to] muscle weakness. Areas of the body may become abnormally sensitive.... In such cases, pain may occur in response to a stimulus that does not normally provoke pain." *Peripheral Neuropathy Fact Sheet*, National Institute of Neurological Disorders and Stroke (accessed August 14, 2017), https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Peripheral-Neuropathy-Fact-Sheet. To explain assessing Martinez with the RFC for light work, the ALJ noted

that she complained of "tenderness and tingling of her hands" at the hearing, of "diminished strength in her left hand" in a June 2014 examination, diminished left grip strength in August 2014, "tingling of her face and extremities" in September 2014, and that "examinations revealed ... weakness of the left hand," but continued that the "dysfunction of her left, non-dominant hand do[es] not warrant more restrictive limitations" than the RFC for light work. (Doc. 12-3, 30-31).

The entire description of a limitation to light work reads:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, [the Agency] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The ALJ's references to tenderness, tingling, and diminished strength of Martinez' left hand all presumably arise from the peripheral neuropathy assessed by her physicians and considered severe by the ALJ. It is unclear what severe impairment could result from peripheral neuropathy and her left-hand symptoms that is properly accommodated by the RFC for light work. If the limitations imposed by the peripheral neuropathy did not warrant a more specific finding in crafting the RFC than a general assertion she could perform light work, then the peripheral neuropathy is not properly classified as a severe impairment. While the Commissioner is correct that "the diagnosis of an impairment does not establish disability[,]" a severe impairment by definition impacts the ability to work, and the RFC for light work would not reflect any limitation imposed by peripheral neuropathy and Martinez' left-hand symptoms. (Doc. 15, 8).

As the ALJ does not ever state that the severe peripheral neuropathy relates to the left-hand symptoms he notes in the RFC explanation, there is also the possibility he considered the peripheral

neuropathy to impact her ability to work in some area other than the symptoms evidenced in her left hand. However, given the reported symptoms in her left hand are identical to those that should be expected from peripheral neuropathy at first glance, and as there is no indication from the ALJ which other limitations on Martinez' ability to work he considered a result of the peripheral neuropathy, this alternative would also render the RFC unsupported by substantial evidence. Either the peripheral neuropathy relates to her left hand and the RFC assessed by the ALJ is deficient in that regard, or the peripheral neuropathy relates to some other physical limitation which the ALJ also did not sufficiently explain when setting the RFC. The ALJ's decision provides no support for the proposition that any symptoms arising from a severe impairment of peripheral neuropathy are adequately accommodated by the assessed RFC. Therefore, the ALJ's RFC determination is unsupported by substantial evidence under any apparent viable reading.

As the RFC is unsupported by substantial evidence for the reasons above, further analysis of the ALJ's decision and the arguments presented by the parties is moot, as the correct disposition of this case is to remand it to the Social Security Administration for further consideration and more comprehensive factual analysis.

## V. CONCLUSION

The ALJ's RFC determination is unsupported by substantial evidence. Therefore, it is **RECOMMENDED** that the decision of the Commissioner be **VACATED** and Martinez' complaint be **REMANDED** to the Agency for further deliberation.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated August  17 , 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE